# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINWOOD WILKERSON,** | : | **CIVIL NO. 3:12-CV-1462** |
| | : | |
| **Plaintiff,** | : | **(Judge Mariani)** |
| | : | |
| v. | : | |
| | : | |
| **CHARLES E. SAMUELS, JUNIOR,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Linwood Wilkerson ("Plaintiff" or "Wilkerson"), an inmate presently confined at the Federal Correctional Institution Allenwood Medium ("FCI Allenwood Medium") in White Deer, Pennsylvania, initiated the above action pro se by filing a Bivens[1]-styled civil rights Complaint under the provisions of 28 U.S.C. § 1331. (Doc. 1.) Wilkerson has filed a Motion requesting leave to proceed in forma pauperis in this matter[2], and therefore, the Complaint currently is before the Court for screening under the provisions of 28 U.S.C. § 1915. For the reasons set forth below, Wilkerson's request for in forma pauperis status will be granted for the

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens actions are the federal counterpart to § 1983 claims brought against state officials. Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004) (citing Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001)).

[2] At the time of filing his Complaint, Wilkerson filed a Motion for leave to proceed in forma pauperis. (Doc. 2.) However, the Motion was not prepared on the form that is required by the Court to request in forma pauperis status, and also was not accompanied by the required authorization form. Wilkerson subsequently filed the properly completed application (Doc. 5) and authorization (Doc. 6) in response to our Administrative Order, and therefore, his originally filed Motion (Doc. 2) will be denied as moot.

sole purpose of filing the Complaint, and the Complaint will be dismissed with prejudice.

I.  **Allegations of the Complaint**

In his Complaint, filed on July 30, 2012, Wilkerson names the following three Defendants: Charles E. Samuels, Junior, Director of the Federal Bureau of Prisons; Correctional Officer Smoker, a supervisor in the UNICOR Factory at the Low Security Correctional Institution Allenwood ("LSCI Allenwood"); and Mr. Solomon, the UNICOR Factory Manager.

Wilkerson alleges that, in August 2008, Smoker verbally harassed him and that the UNICOR Factory manager at that time warned Smoker not to say anything further to Wilkerson. (Doc. 1 at 2-3.) Wilkerson alleges that, despite the warning, in February 2009, Smoker made a comment to him that prompted Wilkerson to complain to the new Factory Manager, Solomon. (Id. at 3-4.) He claims that he also informed Solomon that Smoker's actions caused adverse effects to him psychologically, including nightmares of Smoker sexually assaulting him, and that Wilkerson then filed a complaint against Smoker concerning the hostile work environment, but the complaint was ignored. (Id. at 4.)

Wilkerson then alleges that, on October 15, 2010, he was working in the UNICOR Factory when he received a call for a visit. (Id. at 5.) He explains that, "[i]n his haste to make the visit, [he] inadvertently left a ½ inch wood chisel in his tool box in his assigned area." (Id.) However, he alleges that when he arrived at the visiting room, he immediately asked an officer to call Smoker to inform him that he had left the tool in his box. (Id.) He then explains that,

2

when he returned from the visit, Smoker had fabricated an incident report against him charging him with failing to perform work as instructed, in violation of Code 311, and lying or providing a false statement to a staff member, in violation of Code 313. (Id. at 6; at 20, copy of 10/15/10 Incident Report.) Wilkerson alleges that he was fired as a result of the "fraudulent misrepresentations made in the incident report."[3] (Id. at 6.) He also alleges that "the incident report was instrumental in his transfer to a higher custody institution." (Id. at 8.)

Wilkerson sets forth arguments attempting to refute both sets of charges against him in his Complaint. (Id. at 6-7.) He also includes a section containing legal argument concerning the elements of a hostile work environment claim and sexual harassment claim and attempting to plead the elements of both types of claims. (Id. at 8-15.) Wilkerson then alleges that he has "established a prima facie case of retaliatory discharge under Title VII". (Id. at 15.) As relief, Wilkerson requests compensatory and punitive damages as well as his costs in this lawsuit. (Id. at 16.)

## II. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III

---

[3]The copy of the Incident Report attached to the Complaint reflects that, on October 25, 2010, Wilkerson was sanctioned with the loss of his UNICOR job for a period of six months. (See Doc. 1 at 20.)

3

L.P., 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

## III. Discussion

Wilkerson seeks monetary damages based upon his claim that a false incident report was issued against him that resulted in his loss of his UNICOR job after he complained about a

4

hostile work environment and sexual harassment. Notwithstanding that the comments upon which Wilkerson seeks to rely to establish his claim that he was falsely accused of misconduct were made in 2008, and that any claim based upon those comments therefore would appear to be barred by the applicable two year statute of limitations[4], for the reasons that follow, Wilkerson cannot seek monetary damages without first successfully challenging his disciplinary proceedings.[5]

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that "the conviction or

---

[4] It is well-settled that claims brought pursuant to § 1983 and its Bivens federal counterpart are subject to the state statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) (regarding § 1983 action); Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1088 n.3 (3d Cir. 1988) (regarding Bivens action). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa. Cons. Stat. Ann. § 5524.

[5] To the extent Wilkerson is attempting to pursue claims of a hostile work environment and/or sexual discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") in this lawsuit, as an inmate, he is not an "employee" as defined by Title VII. Rather, as observed by our sister court in the Western District of Pennsylvania, although it does not appear that the Third Circuit has addressed this issue, the rule is that "'prison inmates performing work in prisons are not employees for purposes of Title VII, Age Discrimination in Employment Act, or Equal Pay Act protection, since their work relationships arise from their status as inmates, the primary purpose of which is incarceration rather than employment.'" Jones v. Lockett, Civ. No. 08-16, 2009 WL 2232812 (W.D. Pa. Jul. 23, 2009) (quoting 1 Emp. Discrim. Coord. Analysis of Federal Law § 18:31 (2009)) (footnotes omitted) (additional citations omitted). Accordingly, any claim under Title VII by Wilkerson would be subject to dismissal for failure to state a claim upon which relief may be granted.

5

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the rationale in Heck to disciplinary proceedings, holding that the expungement of the inmate disciplinary proceeding would imply the invalidity of the underlying disciplinary action: "[t]he principal procedural defect complained of by the respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." Edwards, 520 U.S. at 646. Accordingly, an inmate may not bring a civil rights action for declaratory and injunctive relief related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary hearing in question. Id. at 646-47. In Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original), the Court explained that "a state prisoner's § 1983 action is barred (absent prior invalidation)- *no matter the relief sought* (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *If* success in that action would necessarily demonstrate the invalidity of the confinement or its duration."

As noted above, Wilkerson seeks both compensatory and punitive damages with respect to his claims arising out of the allegedly false disciplinary charges that were filed against him and that resulted in his being found guilty and losing his UNICOR job for a period of six months. An award of damages would implicate the validity of the underlying disciplinary

proceedings. Wilkerson cannot pursue his claims unless the disciplinary board's decision finding him guilty of the misconduct charges was invalidated on administrative appeal or through the issuance of a writ of habeas corpus. Wilkerson has not met either of these requirements in this case.

Consequently, where it is apparent that the disciplinary proceedings at issue have not been determined to be unlawful, we must dismiss Wilkerson's Complaint raising claims stemming from those proceedings pursuant to Heck and Edwards. We therefore will dismiss the Complaint for failure to state a claim and, because granting leave to file an amended complaint would be futile, see Alston, 363 F.3d at 235, we will direct that this action be closed. An appropriate Order follows.

Robert D. Mariani
United States District Judge

Robert D. Mariani
United States District Judge