IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LINWOOD WILKERSON, :
:
    Plaintiff, :
: Civil Action No. 3:12-CV-1462
v. :
: (Judge Mariani)
CHARLES SAMUELS, JR., *et al.*, :
:
    Defendants. :

FILED
SCRANTON

FEB 21 2014

PER _____
DEPUTY CLERK

**MEMORANDUM**

I. **BACKGROUND**

Plaintiff, Linwood Wilkerson ("Plaintiff" or "Wilkerson"), an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI Allenwood"), initiated the above captioned *pro se* action by filing a *Bivens*[1] civil rights Complaint under the provisions of 28 U.S.C. § 1331. (Doc. 1). Presently pending before the Court is Plaintiff's motion to appoint counsel.[2] (Doc. 46). For the reasons discussed below, Plaintiff's motion will be denied.

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials. *Egervary v. Young,* 366 F. 3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris Inc.,* 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a *Bivens* claim against federal officials." *Schrob v. Catterson,* 948 F.2d 1402, 1409 (3d Cir. 1991).

[2] Although Plaintiff's motion for appointment of counsel is entitled "Motion to Resubmit Administrative Remedy Request Forms, and Request for Appointment of Counsel," (*see* Doc. 46), the instant order addresses only Plaintiff's motion for appointment of counsel. Plaintiff's motion to supplement his Complaint will be addressed in a separate order.

## II. DISCUSSION

The Court recognizes that there is neither a constitutional nor a statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir.1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir.1993). Notwithstanding this lack of a constitutional or statutory right to appointed counsel, in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel ." A district court's appointment of counsel pursuant to this statute is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157–58. The exercise of this discretion, however, is guided by certain basic principles. *Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 (3d Cir.2007).

In *Tabron*, the United States Court of Appeals for the Third Circuit first outlined with specificity the applicable standards to be considered by courts upon an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). *Id.* at 155–57. In *Parham*, the Third Circuit identified the following guidelines for appointing counsel to indigent civil litigants:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such an investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;

2

  (5) whether the case will require the testimony of expert witnesses;

  (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citation omitted).

In his motion to appoint counsel, Plaintiff requests counsel "in light of the complexity of the case at bar, in order for a fair adversarial act of justice to be administered." (Doc. 46). At the outset, the Court notes that the case is in its early stages, making analysis of the factors difficult. Plaintiff's *pro se* status is a factor that may weigh in favor of appointing counsel. However, at this preliminary stage of the case, consideration of the *Tabron* factors, specifically, how much the case will turn on credibility determinations, the need for expert witness testimony, the degree to which factual investigation will be necessary and Plaintiff's ability to pursue such investigation, and the complexity of the legal issues, is premature. Further, the Court notes that Plaintiff's filings in this case thus far have demonstrated an ability to present his own case by presenting the factual allegations in support of his claims in his Complaint in a clear and concise manner and by presenting legal arguments in his different motions and objections.

Our overall consideration of the *Tabron* factors, as well as this Court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), weigh against the appointment of counsel at this time. Accordingly, Plaintiff's motion will be denied. However, the denial will be without prejudice, such that, if future proceedings demonstrate the need

for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion. An appropriate Order follows.

Robert D. Mariani
United States District Judge